UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01818-TWP-TAB |
| ) | |
| WEXFORD, ) | |
| GEO GROUP, ) | |
| DOCTOR, ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Complaint for Lack of Jurisdiction
and Directing Plaintiff to Show Cause**

Plaintiff David Stewart, an inmate at New Castle Correctional Facility, has sued Wexford, GEO Group and an Unknown Doctor. Mr. Stewart explains that he is "seeking relief for violations of the … Indiana Deceptive Consumer Sales Act and other applicable Indiana laws," dkt. 1 at 3 (Count 1), including negligence. *Id.* at 5 (Count 2).

**I. Jurisdiction**

"[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.* The Supreme Court has explained:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685, 66 S.Ct. 773, 90 L.Ed. 939 (1946). She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a).

1

*Id.* at 513 (internal footnote omitted). Further, the Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

Here, there is no allegation of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003) (explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009)). The complaint does reference § 1983, but no violation of a federally guaranteed right has been alleged, instead the complaint specifically focuses on state law claims.

Similarly, there is no allegation of diversity of citizenship. *See Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction).

## II. Dismissal of Complaint and Opportunity to Show Cause

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (*quoting Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)). That is the case here. The complaint fails to

contain a legally viable claim over which this Court could exercise subject matter jurisdiction and the complaint is therefore dismissed for lack of jurisdiction.

The dismissal of the complaint shall not result in the dismissal of this action. Instead, the plaintiff shall have **through December 10, 2020, to file an amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. If a claim based on federal law is alleged, the amended complaint must contain enough information for the Court to identify that claim.

Any amended complaint should have the proper case number, 1:20-cv-1818-TWP-TAB and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause for lack of jurisdiction.

Nothing in this Entry prohibits the plaintiff from pursuing his state law claims in state court.

**IT IS SO ORDERED.**

Date: 11/10/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID STEWART
260270
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

4