UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01818-TWP-TAB |
| ) | |
| WEXFORD, ) | |
| GEO GROUP, ) | |
| DOCTOR, ) | |
| ) | |
| Defendants. ) | |

**Order Screening Amended Complaint and Directing Further Proceedings**

Plaintiff David Stewart, an inmate at New Castle Correctional Facility, has sued Wexford, The GEO Group and an Unknown Doctor. Because Mr. Stewart is a prisoner, his amended complaint is now subject to screening. For the reasons set forth in this Order, the claims against Wexford of Indiana, LLC, ("Wexford")[1] shall proceed as to the alleged Eighth Amendment violations while all other claims are dismissed.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

---

[1] The **Clerk is Directed** to update the docket to reflect that Wexford's legal name is Wexford of Indiana, LLC.

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face. A claim has facial plausibility when
> the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Amended Complaint

Construed liberally, the amended complaint alleges that Wexford has violated the plaintiff's Eighth Amendment rights because it has failed to provide the plaintiff with the medical care necessary to treat his chronic conditions, including high blood pressure, diabetic neuropathy, high cholesterol, and provision of blood thinners necessary to prevent clotting around heart stents. *See* dkt. 13 at pp. 6-14. Specifically, Wexford has a practice of failing to provide 1) an uninterrupted supply of prescription medications, 2) timely responses to health care requests, 3) necessary appointments with specialists (i.e., Cardiologist Dr. Gray), and 4) needed medical equipment (i.e., refused diabetic shoes). These four practices which injured the plaintiff also state a claim of negligence under Indiana law. The plaintiff seeks money damages and injunctive relief. Dkt. 13 at p. 17.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the amended complaint certain claims are dismissed while other claims shall proceed as submitted.

First, claims against the unknown doctor are dismissed for failure to state a claim upon which relief can be granted because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir.

1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery, the plaintiff is able to learn the name of the unknown defendant, he may seek leave to add a claim against him or her.

Second, claims against GEO Group are dismissed because there are no factual allegations alleged against it that support a federal claim for relief.

Third, claims based on the Indiana Deceptive Consumer Sales Act "and other applicable Indiana laws" are **dismissed for lack of jurisdiction**. This state law claim is based on the theory that the plaintiff and other inmates are improperly charged Five Dollars every time they request to see a nurse or doctor. In addition, the plaintiff has allegedly been improperly charged for prescription refills. As a result, the plaintiff has overpaid for services and experienced pain and suffering, including emotional distress. This state law claim is separate and distinct from the Eighth Amendment and negligence claims that shall proceed in this action.

Title 28 U.S.C. § 1367 provides in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C.A. § 1367. The Indiana Deceptive Consumer Sales Act claim challenges monetary payments while the Eighth Amendment claims proceeding in this case relate to the medical care the plaintiff has received. Accordingly, this Court does not have supplemental jurisdiction over the Indiana Deceptive Consumer Sales Act claim or any other state law claims based on monetary payments for medical care. Nothing in this Order prohibits the plaintiff from pursuing these state law claims in state court.

The claims which shall proceed in this action are the Eighth Amendment and state law negligence claims set forth against Wexford of Indiana, LLC, in Part II of this Order. These are the only viable claims identified by the Court. All other claims are dismissed. If the plaintiff believes that additional claims were alleged in the amended complaint, but not identified by the Court, he shall have **through February 12, 2021,** in which to identify those claims.

The **clerk is directed** to terminate GEO Group and the Unknown Doctors defendants on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Wexford of Indiana, LLC, in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on December 11, 2020, dkt [13], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. The **clerk is directed** to serve Wexford of Indiana, LLC, electronically.

**IT IS SO ORDERED.**

Date: 1/13/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID STEWART
260270
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronic service to Wexford of Indiana, LLC